UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| IN RE:<br><br>RONALD EPPS JR.<br>CARMEN B EPPS<br><br>Debtors | Chapter 13<br>Case No. 25-13382-AMC |
| BRIDGECREST CREDIT COMPANY, LLC AS SERVICER FOR CARVANA, LLC<br><br>Movant<br><br>v.<br><br>RONALD EPPS JR.<br>CARMEN B EPPS<br>(Debtors)<br><br>SCOTT F. WATERMAN<br>(Trustee)<br><br>Respondents | Hearing Date: September 16, 2026 @ 11:00 AM<br><br>Response Deadline: September 9, 2026 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR ENTRY OF ORDER WAIVING THE PROVISION OF FED. R. BANKR. P. 4001(a)(4)**

NOW COMES Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC, a secured creditor in the above-captioned bankruptcy case, by its counsel, Orlans Law Group PLLC, as and for a motion pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001(a)(4), seeking an Order granting relief from the Automatic Stay in order to obtain possession and dispose of its collateral, namely one 2018 Jeep Renegade and states the following as grounds therefore:

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(b) and § 157(a) and 11 U.S.C. § 362(d). Upon information and belief, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. On August 26, 2025, the Debtors, above-named, filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code.

3. Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC (the “Creditor”) is a secured creditor and the holder of a duly perfected security interest in one (1) 2018 Jeep Renegade VIN No. ZACCJBBB3JPH43221 (the "Vehicle") pursuant to a Retail Installment Contract and Security Agreement (the “Contract”), a retail installment contract between the Debtors and Carvana, LLC (the “Seller”), entered into on September 11, 2023, whereby the Debtors agreed to pay a total of $34,889.76 in 71 monthly payments of $485.00 and 1 monthly payment of $454.76 each in connection with the purchase of the Vehicle. The Vehicle is owned by, and upon information and belief is in the possession and control of the Debtors. True and correct redacted versions of the Contract and Proof of Lien Perfection are attached as Exhibits “A” and “B”, respectively.

4. On March 26, 2026, the Debtors’ Chapter 13 Plan Confirmed.

5. Pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest in property of such party in interest.

6. As of August 13, 2026, the net total balance due on the obligation to Creditor was $14,886.52.

7. As of August 13, 2026, the Debtors are in default of the payment obligations to the Creditor pursuant to the terms and conditions of the Contract/Lease as follows:

a. The post-petition monthly payment is $485.00;

b. Post-Petition arrears are due in the amount of $1,380.00 for the months of June 11, 2026 through August 11, 2026, together with late charges;

c. The next post-petition monthly payment of $485.00 is due on September 11, 2026; and

d. The foregoing does not represent any amount which may be due for costs and attorneys' fees as may be allowed by the Court.

8. That Creditor has ascertained that the clean retail value of the Vehicle is $10,075.00 based on J.D. Power Used Car Guide's estimated value of the Vehicle estimated value of the Vehicle. A copy of the J.D. Power Guide for valuation of the Vehicle is attached hereto as Exhibit "C."

9. Upon information and belief, there is no other encumbrance affecting the Vehicle, and there is no other collateral securing the indebtedness.

10. Upon information and belief, the Debtors continue to enjoy the use and possession of the Vehicle subjecting same to normal occupational wear and tear thereby causing of the Vehicle to depreciate in value. It is respectfully submitted that the continued use of the Vehicle shall eventually render it useless thereby causing Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC irreparable damage to its interests in same.

11. It is respectfully asserted that the Creditor's interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

12. Accordingly, sufficient cause exists to grant the Creditor relief from the automatic stay.

13. The Creditor is also entitled to relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d)(2) because Debtors have no equity in the Vehicle and the Vehicle is not necessary for an effective reorganization.

WHEREFORE, the Creditor, Bridgecrest Credit Company, LLC as Servicer for Carvana, LLC, respectfully requests that the Court issue an Order, pursuant to 11 U.S.C. §362(d), either:

a. Granting the Creditor relief from the automatic stay in order to obtain possession and dispose of the Vehicle, the entry of which order shall be effective immediately upon entry, notwithstanding the provisions of FRBP 4001(a)(4); and
b. For such other and further relief as the Court may deem just and proper.

Date: August 20, 2026

Respectfully Submitted,

*/s/ Garrett M. Wilson*__________

Elizabeth A. Trachtman, Esq. PA 333427
Garrett M. Wilson, Esq. PA 338633
Michele M. Bradford, Esq. PA 69849
Orlans Law Group PLLC
Attorney for Bridgecrest Credit Company,
LLC as Servicer for Carvana, LLC
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
gwilson@orlans.com
mbradford@orlans.com
File Number: 26-003314